UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

*IN CLERKS OFFICE
FILED
2012 MAY -3 P 3: 05
U.S. DISTRICT COURT
DISTRICT OF MASS.*

| | |
|---|---|
| iWALK, INC., and MASSACHUSETTS INSTITUTE OF TECHNOLOGY, <br><br> Plaintiffs, <br><br> v. <br><br> ÖSSUR HF, and ÖSSUR AMERICAS, INC., <br><br> Defendants. | Civil Action No. <br><br><br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs iWalk, Inc. ("iWalk") and Massachusetts Institute of Technology ("M.I.T."), by counsel, bring this patent infringement action against Defendants Össur HF and Össur Americas, Inc. ("Össur Americas") (collectively "Össur") under 35 U.S.C. §§ 1 *et seq.*, and allege as follows:

### THE PARTIES

1.    Plaintiff iWalk is a corporation organized under the laws of the State of Delaware, having its principal place of business at 4 Crosby Drive, Bedford, Massachusetts 01730.

2.    Plaintiff M.I.T. is an educational and research institution organized under the laws of the Commonwealth of Massachusetts, having its principal place of administration at 77 Massachusetts Avenue, Cambridge, Massachusetts 02139.

3.    Össur HF is an Icelandic limited liability company having a principal place of business at Grjothals 5, 110 Reykjavik, Iceland.

1

4.      Upon information and belief, Össur HF designs and manufactures, *inter alia*, mechanical and bionic prosthetic products, including Össur's prosthetic knee product called the POWER KNEE™, and offers to sell, sells and distributes those products throughout the world and in the United States, including in this District.

5.      Össur Americas, Inc. is a California corporation having its principal place of business at 27051 Towne Centre Drive, Foothill Ranch, California 92610.

6.      Upon information and belief, Össur Americas, Inc. offers to sell, markets and sells, *inter alia*, mechanical and bionic prosthetic products, including Össur's infringing POWER KNEE™ prosthetic product, throughout the United States, including in this District.

## JURISDICTION AND VENUE

7.      This is a civil action for patent infringement arising under the United States patent statutes, 35 U.S.C. §§ 1 *et seq.,* including 35 U.S.C. § 271 to enjoin infringement and obtain damages resulting from Össur's unauthorized manufacture, use, offer for sale and/or importation into the United States for subsequent use or sale of products that infringe one or more claims of United States Patent No. 5,650,704 ("the '704 patent"), entitled "Elastic Actuator for Precise Force Control."

8.      This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1338(a).

9.      This Court has personal jurisdiction over Össur because, upon information and belief, Össur conducts substantial business in this District and/or regularly solicits business from and conducts business with customers in this District. Specifically, Össur advertises bionic products for sale through an order form on the Össur website, which provides for shipment of Össur's products throughout the United States, including

2

Massachusetts.   Additionally, Össur advertises at least 16 "Certified Facilities" in Massachusetts where patients can obtain Össur's bionic products.   Upon information and belief, at least eight of the Össur Certified Facilities located in Massachusetts offer for sale the infringing POWER KNEE™.   Upon information and belief, the Össur Certified Facilities located in Massachusetts also offer for sale other Össur products, such as the RHEO KNEE.

10.   Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b) because Össur is subject to personal jurisdiction in this District and has committed acts of infringement in this District.

## BACKGROUND

11.   Plaintiffs incorporate by reference and reallege each of the allegations set forth in Paragraphs 1-10 above.

12.   On July 22, 1997, the United States Patent and Trademark Office duly and legally issued the '704 patent to co-inventors Gill A. Pratt and Matthew M. Williamson. A copy of the '704 patent is attached as Exhibit A.

13.   Plaintiff M.I.T., a world-renowned educational and research institution located in Cambridge, Massachusetts, is the assignee of the '704 patent and owns all right, title, and interest in the '704 patent.

14.   Messrs. Pratt and Williamson developed the inventions embodied in the '704 patent while researching and developing innovative robotic and bionic solutions at M.I.T.'s Artificial Intelligence Laboratory.

15.   The '704 patent discloses and claims a series elastic actuator—a groundbreaking advancement in the field of robotics and bionics.   Unlike conventional actuators, the elastic actuator of the '704 patent provides force generation and control directly

through a series elastic element that itself supports the load of the actuator. Series elastic actuators provide increased precise force generation and control at a lower cost of manufacture.

16.     Plaintiff iWalk researches and manufactures bionic technology to restore natural movement for lower-limb amputees.

17.     iWalk's founder and Chief Technology Officer, Dr. Hugh Herr, is a world renowned scientist in the field of prosthetics and orthotics. Dr. Herr previously worked in the M.I.T. Artificial Intelligence Lab and is currently an associate professor with the M.I.T. Media Lab. Dr. Herr won a prestigious award from the Heinz Family Foundation for "breakthrough        innovations        in        prosthetics        and        orthotics." (http://www.time.com/time/specials/packages/article/0,28804,2091589_

2092033_2092030,00.html.)

18.     Dr. Herr, who is a double amputee himself, developed the revolutionary PowerFoot BIOM. The BiOM uses robotics to replicate muscles and tendons to replace the action of the foot, Achilles tendon, and calf.

19.     Clinical tests have shown that the BiOM reaches human normalization, allowing amputees using the BiOM to walk at the same speed and with the same metabolic energy as their peers with intact biological limbs.

20.     To date, iWalk has primarily provided the BiOM to wounded veterans and active duty soldiers and Marines.

21.     iWalk practices the inventions of the '704 patent in the BiOM, which includes a series elastic actuator.

4

22.    M.I.T. exclusively licenses iWalk to the '704 patent in the field of lower-leg, knee, ankle, and foot prostheses and orthoses.

23.    Upon information and belief, Össur had knowledge of the '704 patent prior to the filing of this suit.  iWalk provides constructive notice to the world of its patent rights by marking its patented PowerFoot BiOM product literature with the '704 patent in compliance with 35 U.S.C. § 287.

## COUNT ONE-INFRINGEMENT OF THE '704 PATENT

24.    Plaintiffs incorporate by reference and reallege each of the allegations set forth in Paragraphs 1-23 above.

25.    Össur has infringed and continues to infringe one or more claims of the '704 patent by making, using, importing, offering to sell, and/or selling within the United States the POWER KNEE™ prosthetic product.

26.    Upon information and belief, Össur has induced and continues to induce others to infringe the '704 Patent within the United States.  Upon information and belief, despite having knowledge of the '704 patent, Össur intentionally encouraged and continues to encourage third party facilities who distribute, offer to sell and/or sell the POWER KNEE™ prosthetic product to commit infringing acts with knowledge, or willful blindness, that such acts would infringe the '704 Patent.

27.    Upon information and belief, Össur's infringement is willful with full knowledge and notice of the '704 patent.

28.    Plaintiffs have been and will continue to be damaged by Össur's infringement.

29.    Plaintiffs have been irreparably harmed by Össur's infringement of its valuable patent rights.  Moreover, Össur's unauthorized, infringing use of Plaintiffs' patented

systems and methods has threatened the value of this intellectual property because Össur's conduct results in Plaintiffs' loss of its lawful patent rights to exclude others from making, using, offering to sell, selling and/or importing the patented inventions.

30.     Össur's disregard for Plaintiffs' property rights similarly threatens Plaintiffs' relationships with potential licensees of this intellectual property. Össur will derive a competitive advantage over any of Plaintiffs' future licensees from using Plaintiffs' patented technology without paying compensation for such use. Accordingly, unless and until Össur's continued acts of infringement are enjoined, Plaintiffs will suffer further irreparable harm for which there is no adequate remedy at law.

31.     Plaintiffs are entitled to recover damages adequate to compensate for the infringement pursuant to 35 U.S.C. § 284 and are entitled to injunctive relief pursuant to 35 U.S.C. § 283.

## REQUEST FOR RELIEF

WHEREFORE, the Plaintiffs request the following relief:

A.     A judgment in favor of Plaintiffs that the '704 patent is valid and enforceable;

B.     A judgment in favor of Plaintiffs that Össur directly and indirectly infringes the '704 patent;

C.     A permanent injunction against Össur, their officers, agents, servants, employees, attorneys, parent and subsidiary corporations, assigns and successors in interest, and those persons in active concert or participation with them, enjoining them from continued acts of infringement of the '704 patent;

D.     An award of damages according to proof at trial under 35 U.S.C. § 284

together with pre-judgment and post-judgment interest on those damages and any supplemental damages for any continuing post-verdict infringement up until entry of the final judgment with an accounting, as needed;

     E.     A judgment holding that Össur's infringement of the '704 patent is willful, and a trebling of damages pursuant to 35 U.S.C. § 284;

     F.     A judgment holding this action as an exceptional case and awarding Plaintiffs their attorneys' fees, costs, and expenses incurred in this action pursuant to 35 U.S.C. § 285; and

     G.     Such other relief as this Court deems just and equitable.

## JURY DEMAND

Plaintiffs respectfully request a jury trial on all matters to which it is entitled to a jury trial.

7

Dated: May 3, 2012

Respectfully submitted,

*Karen L. Burhans*

COOLEY LLP
Robert B. Lovett (No. 561691)
rlovett@cooley.com
Karen L. Burhans (No. 679017)
kburhans@cooley.com
500 Boylston Street
Boston, MA 02116-3736
Telephone:   (617) 937-2300
Facsimile:   (617) 937-2400

Thomas J. Friel
tfriel@cooley.com
101 California Street, 5th Floor
San Francisco, CA  94111-5800
Telephone:   (415) 693-2000
Facsimile:   (415) 693-2222

Christopher C. Campbell
ccampbell@cooley.com
Stephen Smith
stephen.smith@cooley.com
Justin P.D. Wilcox
jwilcox@cooley.com
One Freedom Square
Reston Town Center
11951 Freedom Drive
Reston, VA 20190-5656
Telephone:   (703) 456-8000
Facsimile:   (703) 456-8100

*Attorneys for Plaintiffs M.I.T. and iWalk, Inc.*