UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| iWALK, INC. and MASSACHUSETTS INSTITUTE OF TECHNOLOGY,<br><br>            Plaintiffs and Counterdefendants,<br><br>     v.<br><br>ÖSSUR HF and ÖSSUR AMERICAS, INC.,<br><br>            Defendants and Counterclaimants. | Civil Action No. 1:12-CV-10796-NMG<br><br>**JURY TRIAL DEMANDED** |

## JOINT REPORT AND STATEMENT FOR SCHEDULING CONFERENCE UNDER FED. R. CIV. P. 26(f) AND LOCAL RULE 16.1(d)

Plaintiffs iWalk, Inc. and Massachusetts Institute of Technology (collectively, "Plaintiffs"), by counsel, brought this patent infringement action against Defendants Össur hf and Össur Americas, Inc. (collectively, "Össur") under 35 U.S.C. §§ 1 *et seq.* Pursuant to Fed. R. Civ. P. 26(f) and Local Rules 16.1 and 16.6, counsel for the parties conferred by telephone on July 18, 2012 and thereafter developed the discovery plan set forth below. The parties have been able to reach agreement on a proposed pretrial schedule. The parties submit the following Joint Report and Statement for the Scheduling Conference scheduled for August 8, 2012.

1. <u>Settlement</u>:  Pursuant to L.R. 16.1(c), Plaintiffs have presented a written settlement proposal to Össur.

2. <u>Preliminary Disclosures</u>

    a. <u>Initial Disclosures</u>:  The parties do not believe that any changes are necessary in the form or requirement for disclosures under Fed. R. Civ. P. 26(a)(1). The parties have agreed to serve initial disclosures on or before August 1, 2012.

b. <u>Preliminary Infringement Disclosures</u>:  On or before August 29, 2012, Plaintiffs shall serve and file preliminary disclosures of the allegedly infringed claims.  Plaintiffs shall specify which claims are allegedly infringed and identify the accused product(s) and method(s) that allegedly infringe those claims.  Plaintiffs shall also specify whether the alleged infringement is literal or falls under the doctrine of equivalents.  If Plaintiffs have not already done so, Plaintiffs shall produce documents sufficient to support their contentions and/or identify any such supporting documents produced by the accused infringer.  Plaintiffs' disclosures may be amended and supplemented up to 30 days before the date of the *Markman* Hearing.  After that time, those disclosures may be amended or supplemented only to the extent permitted by the Scheduling Order or by leave of court, for good cause shown.  Plaintiffs may use a table such as the one represented below.

| **Claim Limitation** | **Accused Component** | **Basis of Infringement Contention** |
|---|---|---|
|  |  |  |

c. <u>Preliminary Invalidity and Non-Infringement Disclosures</u>:  On or before October 29, 2012, Össur shall serve and file preliminary invalidity and non-infringement contentions.  Össur shall identify prior art that it contends anticipates or renders obvious the identified patent claims in question and, for each such prior art reference, shall specify whether it anticipates or is relevant to the obviousness inquiry.  If applicable, Össur shall also specify any other grounds for invalidity, such as indefiniteness, best mode, enablement, or written description.  If Össur has not already done so, Össur shall produce documents sufficient to support their invalidity defenses and/or identify any such supporting documents produced by Plaintiffs.  Further, if Össur has not already done so, Össur shall produce documents sufficient to

show operation of the accused product(s) or method(s) that Plaintiffs identified in their preliminary infringement disclosures. Össur's disclosures may be amended and supplemented up to 30 days before the date of the *Markman* Hearing. After that time, those disclosures may be amended or supplemented only to the extent permitted by the Scheduling Order or by leave of court, for good cause shown, except that, if Plaintiffs amend or supplement their preliminary infringement disclosures, Össur may likewise amend or supplement its disclosures within 30 days of service of the amended or supplemented infringement disclosures. The accused infringer may use the charts shown below.

| **Claim Limitation** | **Prior Art or Other Evidence** | **Basis of Invalidity Contention** |
|---|---|---|
|  |  |  |

| **Claim Limitation** | **Accused Component** | **Basis of Non-Infringement Contention** |
|---|---|---|
|  |  |  |

      d.  Amendments to the Pleadings and Joinder of Parties: Unless otherwise permitted for good cause shown, the last day for any party to file a motion for leave to amend its pleadings or join parties shall be October 17, 2012.

      3.  Subjects of Discovery: The parties anticipate that they will require discovery on at least the issues of standing, patent infringement, invalidity, damages, and equitable defenses to patent infringement. For example, the parties anticipate that discovery may be needed on at least the following topics:

- Information relating to iWalk, Inc.'s standing to pursue the patent infringement claim in Plaintiffs' Complaint;

- Technical, marketing, and financial information relating to Össur's POWER KNEE™ product;

- Information relating to the conception and reduction to practice of the purported inventions of U.S. Patent No. 5,650,704 (the "'704 patent");

- Information relating to prosecution of the '704 patent;

- Information relating to prior art to the '704 patent;

- Information relating to Plaintiffs' marking activities concerning the '704 patent;

- Information relating to the operation of Össur's POWER KNEE™ product; and

- Information relating to Össur's knowledge of the '704 patent and decision to make, use, sell, offer to sell, and/or import Össur's POWER KNEE™ product.

4. <u>Claim Construction Proceedings</u>

   a. <u>Exchange Initial List of Claim Terms</u>:  No later than February 28, 2013, the parties shall simultaneously exchange a list of claim terms to be construed.

   b. <u>Exchange Proposed Constructions</u>:  No later than March 7, 2013, the parties shall simultaneously exchange proposed claim constructions.

   c. <u>Meet and Confer</u>:  No later than March 14, 2013 the parties shall meet and confer regarding their proposed constructions.

   d. <u>Opening Claim Construction Briefs</u>:  No later than March 28, 2013, the parties shall simultaneously exchange and file opening claim construction briefs.  Each opening claim construction brief shall contain a list of terms construed, the party's proposed construction of each term, and evidence and argument supporting each construction.  Absent leave of court, the

opening claim construction briefs shall be limited to 25 pages, double-spaced, of at least 12-point Times New Roman font or equivalent, including footnotes. Each opening claim construction brief may include a summary claim construction chart in an appendix to the brief. The summary claim construction chart shall not count towards the 25-page limit if the chart does not contain argument supporting any construction and is limited to the terms construed, the party's proposed construction of each term, and a listing of the evidence supporting each construction.

   e. <u>Reply Claim Construction Briefs</u>:  No later than April 11, 2013, the parties shall simultaneously exchange and file reply claim construction briefs. Absent leave of court, the reply claim construction briefs shall be limited to 15 pages, double-spaced, of at least 12-point Times New Roman font or equivalent, including footnotes.

   f. <u>Joint Claim Construction Statement</u>:  No later than April 25, 2013, the parties shall finalize the list of disputed terms for the Court to construe. The parties shall prepare and file a joint claim construction and prehearing statement (hereinafter, the "Joint Statement") that identifies both agreed and disputed terms. The Joint Statement shall include the following information:

     1) The Joint Statement shall note the anticipated length of time necessary for the claim construction hearing and whether any party proposes to call witnesses, including a statement that such extrinsic evidence does not conflict with intrinsic evidence.

     2) The Joint Statement shall also indicate whether the parties will present tutorials on the relevant technology, the form of such tutorials, and the timing for such tutorials in relation to the claim construction hearing. If the parties plan to provide tutorials in the form of briefs, declarations, computer

animations, slide presentations, or other media, the parties shall exchange such materials seven (7) calendar days before the *Markman* Hearing. In the alternative, the parties may present tutorials through presentations by the attorneys or experts at the claim construction hearing.

        3)    The Joint Statement shall include a proposed sequence in which parties will present their arguments at the claim construction hearing, which may be term-by-term or party-by-party, depending on the issues in the case.

        4)    The Joint Statement shall limit the number of claim terms to be construed and shall prioritize the disputed terms.

        5)    The Joint Statement shall include a joint claim construction chart, noting each party's proposed construction of each term, and supporting evidence. The parties may use the form shown below.

| Term | Plaintiffs' Construction | Össur's Construction | Court's Construction |
|---|---|---|---|
|  |  |  |  |

    g.  *Markman* Hearing:  The *Markman* Hearing is scheduled for [parties' proposal: May 23, 2013].  Unless otherwise ordered by the Court for good cause shown, each side will be limited to the presentation of one expert witness, if any.

    5.    Post-Claim Construction Deadlines

    a.  Mediation:  Within 30 days after the Court's claim construction ruling, the parties shall meet and confer to discuss whether mediation is desirable and, if so, appear before a retired judicial officer or other private or non-profit dispute resolution body for mediation-type settlement proceedings.

b. <u>Window for Amending Contentions</u>:  The parties agree that after the Court issues its claim construction ruling, each side should have an opportunity to amend its infringement/non-infringement and invalidity contentions as a matter of right based on the Court's rulings in its claim construction order.  In addition to the amendment and supplementation provisions set forth in the penultimate sentences of paragraphs 2(b) and 2(c), the parties propose that they should have a window to amend their infringement/non-infringement and invalidity contentions of between 0 and 30 days after the claim construction ruling.  The amendments shall be limited to modifying a party's existing contentions based on the Court's definitions in its claim construction order, and shall not include new contentions.

c. <u>Close of Fact Discovery</u>:  Fact discovery shall close **13 weeks after the Court's claim construction ruling**.  Upon motion or stipulation of the parties, the Court may grant additional time for discovery.  Such additional discovery shall be limited to issues of infringement, invalidity, or unenforceability dependent on the Court's claim construction.

6. <u>Expert Disclosures and Discovery</u>:

a. <u>Disclosure of Trial Experts</u>:  Each party shall identify any expert(s) which is expected to testify at trial on behalf of that party no later than **eight weeks prior to the deadline for submission of opening expert reports.**

b. <u>Opening Expert Reports</u>:  The parties shall exchange expert reports on issues as to which that party bears the burden of proof at trial **four weeks after the close of fact discovery**.

c. <u>Rebuttal Expert Reports</u>:  The parties shall exchange rebuttal expert reports **four weeks after the exchange of opening expert reports**.

  d. Expert Depositions: The parties shall complete expert depositions **four weeks after the exchange of rebuttal expert reports**.

  7. Summary Judgment, Pre-trial, and Trial:

  a. All dispositive motions shall be filed no later than February 20, 2014. Briefs in opposition to such motions shall be filed by March 13, 2014. Reply briefs may only be filed with leave of the Court.

  b. The parties shall make pretrial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(3)(B) no later than June 23, 2014.

  c. Any *motion in limine*, including *Daubert* motions, shall be filed and served no later than June 23, 2014. Briefs in opposition to such motions shall be filed no later than June 30, 2014. Reply briefs may only be filed with leave of the Court.

  d. Any objections to evidence under Federal Rule of Civil Procedure 26(a)(3)(B), L.R. 16.5(c), or L.R. 26.4(a) shall be filed and served prior to the parties' conference under L.R. 16.5(d).

  e. The parties shall confer pursuant to L.R. 16.5(d) no later than July 7, 2014. The "pretrial memorandum" referred to in L.R. 16.5(d) shall be filed with the Court no later than July 15, 2014.

  f. The Final Pretrial Conference shall occur on [parties' proposal: July 22, 2014] or as soon afterwards as is convenient for the Court.

  g. A trial brief, including requests for rulings, proposed jury instructions, and proposed jury verdict forms, shall be filed by each party no later than July 28, 2014. Each party may supplement these requests at trial if the evidence develops otherwise than as expected.

  h. The trial in this case shall begin on [parties' proposal: August 4, 2014].

8. <u>Limits on Discovery</u>:

a. Except as stated herein, the parties do not believe phased discovery is necessary or appropriate in this case.

b. The parties do not propose any changes to the discovery limitations imposed by the Federal Rules of Civil Procedure or the Local Rules of this Court.

9. <u>Disclosure/Discovery of Electronically Stored Information</u>:  The parties agree to the following procedures regarding discovery of electronically stored information:

a. Electronic File Searching and Email

1) With respect to electronic files (other than email), the parties may use reasonable keyword searching to identify electronically stored information reasonably likely to have discoverable information.  The parties will meet and confer in good faith to resolve any disputes regarding electronic file searching or electronic discovery.

2) With respect to email, the parties do not currently believe that wholesale production of email will be necessary or practical in this case.  The parties shall not be required to produce electronic mail in response to discovery requests, except in limited circumstances based on specific requests and needs.  Any party requesting production of email will provide a narrowly tailored request for email that identifies a recipient/sender, targeted timeframe, and a reasonable number of key words. It shall be presumptively reasonable for a party to search such emails based upon no more than 10 key words provided by the requesting party.

b. Form of Production of Electronic Documents

    1)  The parties agree that all documents produced in this action will be exchanged electronically and, to the extent possible, in an electronically searchable format (i.e., by processing documents with commercially-available OCR scanning software). In addition, the following must be produced for each document that is not produced in native format: (a) single-page TIFF images or multi-page PDF files; and (b) data load files that are compatible with Concordance. Alternatively, a party may provide some documents or information in native format with an associated production number.

    2)  Any party reserves its rights to assert any appropriate objections to a request for production of documents in native format. If a party elects to produce documents in native format, the parties shall confer to reach an agreement regarding what, if any, associated metadata shall be produced. The parties also reserve the right to demand production of certain documents in their native format (e.g., MS Excel files or their equivalent, MS PowerPoint presentations or their equivalent, etc.) and will meet and confer regarding such production as necessary and appropriate.

  c. <u>Timing of Production of Electronic Documents</u>: The parties agree to the production of documents on a rolling basis, except for documents that must be produced pursuant to Rule 26(a) of the Federal Rules of Civil Procedure and paragraphs 2(b)-(c) *supra*, as long as production of documents does not exceed sixty (60) days from the date the parties agree on the scope of production or from the date the Court determines the scope of production. To the extent additional time is needed, the parties will negotiate such extensions in good faith.

  d. <u>Claims of Privilege or Work-Product Protection:</u>

1) The parties will meet and confer in good faith to agree on a format for any privilege logs. Neither party is required to log information withheld on the basis of privilege or work product that was created on or after May 3, 2012, the filing date of the complaint in the present case.

2) Privileged information that is inadvertently disclosed shall not be deemed a waiver of the attorney-client privilege, attorney work product protection, or any other recognized privilege or immunity with respect to that information. Upon the request of the producing party, the receiving party shall return to the producing party or certify destruction of documents or things containing any such privileged or protected information in accordance with the protective order in this case.

10. <u>Other Issues</u>: The parties do not believe that any unusually complicated technical or technological issues exist in this case, and they do not anticipate disputes over protective orders, or extraordinarily voluminous document production. At this time, however, the parties would like to bring to the Court's attention the following matters:

a. <u>Non-English Speaking Witnesses</u>: Some employees of Össur hf speak Icelandic. However, many Össur employees are bilingual and speak both Icelandic and English. At this time, Össur is not aware of any witness that Össur may call who does not speak English. However, it is possible that one or more Össur witnesses noticed for a deposition by Plaintiffs may prefer to testify in their native Icelandic language to facilitate accurate testimony.

b. <u>Discovery in Foreign Jurisdictions</u>: The parties do not anticipate extensive discovery in foreign jurisdictions. Össur agrees to work with Plaintiffs to make appropriate Össur witnesses from Iceland available at a mutually agreed-upon time and location. Össur

11

anticipates that most of the documents and electronically stored information that Össur expects to produce in this action will be in English.  However, some of those documents may be in the Icelandic language.  Össur agrees to work with Plaintiffs to make such documents available at a mutually agreed-upon time and location.

       c.  <u>Filing Under Seal</u>:  The parties believe that the Court should authorize the filing under seal of certain documents that are properly designated as confidential pursuant to a protective order in this case.  In the parties' proposed protective order, the parties intend to include a proposed procedure for seeking permission from the Court to file under seal certain confidential documents.

11.    <u>Other Orders</u>:  The parties agree that a protective order is necessary in this case.  Pursuant to Rule 26(c), the parties expect to stipulate to a proposed protective order and submit it for the Court's consideration.  At this time, the parties do not propose that the Court enter any other orders under Rule 26(c), Rule 16(b), or Rule 16(c).

12.    <u>Service of Papers</u>:  The parties agree that service of court papers by e-mail will be considered the equivalent of service by hand in accordance with Fed. R. Civ. P. 5(b)(2).  Service by e-mail will be deemed served on the date of the e-mail.  The "date of the e-mail" shall be determined to be the date that the e-mail was sent from the time zone of the individual sending the e-mail.  The parties further agree that, due to differences in time zones, when a filing or exchange is to be "simultaneous," the parties will confer in advance regarding the time for that exchange.

13.    <u>Certifications</u>: The undersigned counsel have conferred with their respective clients in accordance with L.R. 16.1(d)(3).  Attached hereto are duplicate copies of Exhibit A,

which provide certifications signed by Plaintiffs' counsel, Plaintiffs' authorized representatives, Össur's counsel, and Össur's authorized representatives.

14. <u>Trial by Magistrate Judge</u>: The parties do not consent to a trial by magistrate judge.


Dated: July 30, 2012                                             Respectfully submitted,


| /s/ Christopher C. Campbell | /s/ Brenton R. Babcock |
|---|---|
| COOLEY LLP | HAYES BOSTOCK & CRONIN LLC |
| Robert B. Lovett (No. 561691) | Paul J. Hayes (No. 227000) |
| rlovett@cooley.com | phayes@hbcllc.com |
| Karen L. Burhans (No. 679017) | Dean G. Bostock (No. 549747) |
| kburhans@cooley.com | dbostock@hbcllc.com |
| 500 Boylston Street | Paul J. Cronin (No. 641230) |
| Boston, MA 02116-3736 | pcronin@hbcllc.com |
| Telephone:   (617) 937-2300 | 300 Brickstone Square, Suite 901 |
| Facsimile:    (617) 937-2400 | Andover, MA  01810 |
|  | Telephone:   (978) 809-3850 |
| Thomas J. Friel | Facsimile:    (978) 809-3869 |
| tfriel@cooley.com |  |
| 101 California Street, 5th Floor | KNOBBE, MARTENS, OLSON & BEAR, LLP |
| San Francisco, CA  94111-5800 | Brenton R. Babcock (admitted *pro hac vice*) |
| Telephone:   (415) 693-2000 | brent.babcock@knobbe.com |
| Facsimile:    (415) 693-2222 | Nicholas M. Zovko (admitted *pro hac vice*) |
|  | nicholas.zovko@knobbe.com |
| Christopher C. Campbell | David T. Okano (admitted *pro hac vice*) |
| ccampbell@cooley.com | david.okano@knobbe.com |
| Stephen Smith | 2040 Main Street, 14th Floor |
| stephen.smith@cooley.com | Irvine, CA  92614 |
| One Freedom Square | Telephone:   (949) 760-0404 |
| Reston Town Center | Facsimile:    (949) 760-9502 |
| 11951 Freedom Drive |  |
| Reston, VA 20190-5656 | *Attorneys for Defendants and Counterclaimants* |
| Telephone:   (703) 456-8000 | *Össur hf and Össur Americas, Inc.* |
| Facsimile:    (703) 456-8100 |  |

*Attorneys for Plaintiffs and
Counterdefendants M.I.T. and iWalk, Inc.*

13

**EXHIBIT A:**
**CERTIFICATION OF CONFERENCE**

Pursuant to Local Rule 16.1(d)(3), the parties and their counsel provide the following certification:

Counsel and an authorized representative of each party have conferred: (a) with a view to establishing a budget for the costs of conducting the full course—and various alternative courses—of the ligation; and (b) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4.

_____
Christopher C. Campbell

*Attorney for Plaintiffs and
Counterdefendants M.I.T. and iWalk, Inc.*

_____
Brenton R. Babcock

*Attorney for Defendants and
Counterclaimants Össur hf and Össur
Americas, Inc.*

_____
Representative of M.I.T.

_____
Jón Sigurðsson

*Representative of Össur hf*

_____
Representative of iWalk, Inc.

_____
Jón Sigurðsson

*Representative of Össur Americas, Inc.*

14

## EXHIBIT A:
## CERTIFICATION OF CONFERENCE

Pursuant to Local Rule 16.1(d)(3), the parties and their counsel provide the following certification:

Counsel and an authorized representative of each party have conferred: (a) with a view to establishing a budget for the costs of conducting the full course—and various alternative courses—of the ligation; and (b) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4.

_____

Christopher C. Campbell

*Attorney for Plaintiffs and Counterdefendants M.I.T. and iWalk, Inc.*

_____
Print Name: JAREN D. WILCOXSON

*Representative of M.I.T.*

_____

Print Name:

*Representative of iWalk, Inc.*

/
/
/
/

1

**EXHIBIT A:**
**CERTIFICATION OF CONFERENCE**

Pursuant to Local Rule 16.1(d)(3), the parties and their counsel provide the following certification:

Counsel and an authorized representative of each party have conferred: (a) with a view to establishing a budget for the costs of conducting the full course—and various alternative courses—of the ligation; and (b) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4.


/s/ Christopher C. Campbell
Christopher C. Campbell

*Attorney for Plaintiffs and Counterdefendants M.I.T. and iWalk, Inc.*



_____
Print Name:

*Representative of M.I.T.*

Print Name:

/s/ Timothy McCarthy

*Representative of iWalk, Inc.*

/

/

/

/

- 5 -

**CERTIFICATE OF SERVICE**

      I, Christopher C. Campbell, certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 30th day of July, 2012.

                                                            /s/ *Christopher C. Campbell*
                                                              Christopher C. Campbell